**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| RICKY PETERSON, ) | **COMPLAINT** |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No.: 6:20-cv-285 |
| PLAZA SERVICES, LLC, ) | |
| ) | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Ricky Peterson, by and through the undersigned counsel, and for his

Complaint against Defendant, Plaza Services, LLC under the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

### JURISDICTION

1.      This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2.      Venue is proper because the acts and transactions occurred here, Plaintiff resides here,

and Defendant transacts business here.

3.      Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred.

4.      Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to

personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside

in any district in that State within which its contacts would be sufficient to subject it to personal

jurisdiction if that district were a separate state.

5.      At the time of the occurrence, Plaintiff resided in the city of Tyler, a part of Smith

County, Texas 75703.

6.      The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Tyler, a part of Smith County, Texas 75703, making Tyler a proper venue under 28 U.S. Code § 1391(b)(2).

7.      Defendant, a South Dakota corporation headquartered in Atlanta, Georgia, practices as a debt collector throughout the country, including Texas.

8.      Defendant attempts to collect alleged debts throughout the state of Texas, including in Tyler city and Smith county.

9.      Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10.      Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Tyler city and Smith county and Defendant attempts to collect alleged debts throughout the state of Texas.

11.       Defendant knowingly attempted to collect on a debt allegedly incurred in Tyler, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

12.      Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13.      Defendant's collection activities violated the FDCPA.

14.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive

rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

15.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

16.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

17.     Plaintiff, Ricky Peterson (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

18.     Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

19.     Defendant Plaza Services, LLC ("Plaza") is a South Dakota corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 110 Hammond Drive, Suite 110, Atlanta, Georgia 3328.

20.     Plaza is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

21.     Plaza regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## **FACTUAL ALLEGATIONS**

22.    Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendants.

23.    On or about May 29, 2019, Plaintiff had a telephone conversation with Defendant Plaza regarding an alleged debt allegedly owed by Plaintiff.

24.    The account was allegedly said to be owed to First Cash and would have only been incurred for personal a personal loan.

25.    The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

26.    The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.    At that time, Defendant Plaza provided false and misleading information to the consumer regarding his rights.

28.    Plaintiff stated he wanted to dispute the debt because he did not agree with the amount of the alleged debt.

29.    Defendant's representative attempted to confuscate the dispute and validation process and tried to stymie Plaintiff's attempts to exercise his rights under the FDCPA.

30.    Defendant's representative ignored his dispute and instead started discussing the contracts and documents he would have signed.

31.    Plaintiff again stated that he wanted Defendant's representative to place his account I a dispute status.

32.    Defendant's representative said she would not place the account in dispute.

33.    Defendant's representative then went on to say the reasons she felt an individual could dispute an alleged account, but that Plaintiff's reason was not one of them.

34.     Plaintiff is under absolutely no obligation to prove the invalidity of a debt, but rather Defendant is required to prove the validity of a debt in order to continue collecting.

35.     Defendant's representative attempted to make the dispute process more difficult for the consumer and add requirements that are not proper under the law.

36.     Plaintiff is not required to have any reason for a dispute and may dispute the debt for a good reason, a bad reason, or for no reason at all. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.)

37.     These statements are flat out false and misleading and are contradictory to the statutory language of the FDCPA.

38.     Defendant's representative knew, or should have known, that she was attempting to overshadow Plaintiff's rights under the FDCPA.

39.     Defendant knew, or should have known, that all of the above statements were false, misleading, and harassing in nature.

40.     All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

41.     Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

42.     Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

43.     Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

44.     Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

45.     Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

46.     Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

## COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt

47.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

48.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

49.     Defendant's collection activities violate 15 U.S.C. § 1692e(5), which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

50.     Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

51.     Defendant's collection efforts only serve to confuse and mislead the consumer.

52.     Defendant's collection efforts were materially false, misleading, and deceptive.

53.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ricky Peterson, prays that this Court:

     A.    Declare that Defendant's debt collection actions violate the FDCPA;

     B.    Enter judgment in favor of Plaintiff Ricky Peterson, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

     C.    Grant other such further relief as deemed just and proper.

### COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

54.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

55.     Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

56.     Defendant's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

57.     Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ricky Peterson, prays that this Court:

     A.    Declare that Defendant's debt collection actions violate the FDCPA;

B.      Enter judgment in favor of Plaintiff Ricky Peterson, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.      Grant other such further relief as deemed just and proper.

### COUNT III: Violations Of § 1692f Of The FDCPA –Unfair Practices

58.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

59.     Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

60.     Defendant's communications with Plaintiff were deceptive and misleading.

61.     Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

62.     Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ricky Peterson, prays that this Court:

A.      Declare that Defendant's debt collection actions violate the FDCPA;

B.      Enter judgment in favor of Plaintiff Ricky Peterson, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.      Grant other such further relief as deemed just and proper.

### JURY DEMAND

63.     Plaintiff demands a trial by jury on all Counts so triable.

Dated: May 28, 2020.

Respectfully Submitted,

**HALVORSEN KLOTE**

By:     /s/ Samantha J. Orlowski

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
Gregory M. Klote, #66888
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com
greg@hklawstl.com

*Attorneys for Plaintiff*